UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00027-FDW

| | |
|---|---|
| CHESTER J. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FNU HOLLAR, | ) |
| FNU DAVIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se civil rights Complaint under 28 U.S.C. § 1915(e).[1] Also before the Court are Plaintiff's motion for appointment of counsel and Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. No. 5).

**I.     BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina who at all relevant times was incarcerated at Alexander Correctional Institution ("ACI"). He filed this action on February 12, 2018, pursuant to 42 U.S.C. § 1983, and names FNU Hollar, identified as a sergeant at ACI, and FNU Davis, identified as a corrections officer at ACI, as Defendants in this action. Plaintiff's action against Defendants is based on the following factual allegations:

> On 11-23-17 Plaintiff was sitting in the day room when the two Defendants did their rounds and they got to my room, they went in there and started taking my pictures of my son down and when I went to look through them, two of them were ripped on the side. Raleigh recommended that we can have pictures in the box.

---

[1] Plaintiff filed an application to proceed in forma pauperis along with the Complaint. (Doc. No. 2.) On March 30, 2018, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8.)

1

(Compl. 2, Doc. No. 1.)  Plaintiff seeks $30,000.00 in compensatory damages from each Defendant, as well as declaratory and injunctive relief.  (Compl. 4-5.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff claims Defendants violated his right to due process and to be free from cruel and unusual punishment under the Eighth Amendment.  (Compl. 3.)  For the reasons that follow, the Complaint shall be dismissed.

As an initial matter, Plaintiff cannot state a procedural due process claim.  When an inmate's property is taken, damaged, or destroyed through the unauthorized acts of a state employee, an inmate may not bring a due process claim in federal court if there exists an adequate remedy under state law.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Plaintiff has an adequate state remedy for the damage to his property.  See N.C. Gen. Stat. § 143–291

(2009) (establishing the Industrial Commission to hear tort claims against the employees of state agencies). Consequently, Plaintiff has failed to state a due process claim that is cognizable under § 1983. See § 1915(e)(2).

As for Plaintiff's Eighth Amendment claims, he alleges both that Defendants acted with negligence and deliberate indifference when damaging his photos. (Compl. 4.) According to the Supreme Court, a prison official's deprivation of an inmate's property may, in appropriate circumstances, violate the Eighth Amendment. See Hudson, 468 U.S. at 530 ("Nor does [the determination that inmates lack a fourth-amendment privacy right vis-à-vis their prison cells] mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.'"). To prevail on an Eighth Amendment claim, a plaintiff must establish that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

Assuming that damaging an inmate's property constitutes an "injury," Plaintiff's claims of an Eighth Amendment violation are frivolous. First, the two photos were damaged, not destroyed or confiscated. Second, Plaintiff's own evidence demonstrates that the damage was minimal, consisting of a small horizontal tear on the right-hand side of each photo. (Copies of damaged photos, Doc. No. 9.) Furthermore, neither tear touches the image of Plaintiff's son; instead both tears are in areas that make up part of the background in the photographs – a blank wall in one, the ground in the other. (Doc. No. 9.) In short, by no objective measure is the damage to the photos sufficiently serious to constitute an Eighth Amendment violation.

## IV. CONCLUSION

Plaintiff's allegations of a due process violation fail to state a claim upon which relief may be granted. His Eighth Amendment claims are frivolous. Accordingly, the Complaint shall be dismissed with prejudice, see § 1915(e)(2), and Plaintiff's motion for appointment of counsel and motion for a TRO and preliminary injunction shall be denied.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2);

2. Plaintiff's motion for appointment of counsel (Doc. No. 3) is **DENIED**; and

3. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 5) is **DENIED**.

Signed: September 5, 2018

Frank D. Whitney
Chief United States District Judge